**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD WILLIAM FISCHER,

Defendant - Appellant.

No. 05-4323

(D. Utah)

(D.C. No. 2:05-CR-108-DB)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Edward William Fischer was sentenced to 38 months' imprisonment after pleading guilty to possession of a firearm and ammunition by a convicted felon. His counsel has filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw as counsel. The brief raises three issues: (1) whether Mr. Fischer knowingly waived his rights under Article III of the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Interstate Agreement on Detainers (IAD), *see* 18 U.S.C. App'x § 2, Art. III; (2) whether Mr. Fischer waived his rights under Article IV(e) of the IAD, *see id.* at Art. IV(e); and (3) ineffective assistance of counsel. The brief explains, however, why the three issues have no merit. We have jurisdiction under 28 U.S.C. § 1291. After reviewing the record, we agree that there are no meritorious issues for appeal, grant the motion to withdraw, and dismiss the appeal.

On February 24, 2005, Mr. Fischer was indicted in the United States District Court for the District of Utah for possessing a firearm and ammunition after conviction of a felony, in violation of 18 U.S.C. § 922(g)(1). At the time, he was in Utah state prison on an unrelated charge. Federal authorities placed a detainer on Mr. Fischer, and on March 24 he was brought before a federal magistrate judge. At that appearance Mr. Fischer was appointed counsel and pleaded not guilty to the charge. A jury trial was scheduled for May 31, 2005. Under Article IV(e) of the IAD, a prisoner is entitled to dismissal with prejudice of the federal indictment if he is returned to state custody before his federal trial; but Mr. Fischer and his attorney signed a waiver of this right. Mr. Fischer was remanded to the custody of the Utah Board of Pardons and Parole.

Before the scheduled trial date, counsel for Mr. Fischer requested a continuance to explore a plea agreement with the government. At a status conference on August 10, 2005, a new trial date of September 26, 2005, was set and the government requested an order excluding the time between the two trial

dates for purposes of the Speedy Trial Act. On September 19, 2005, Mr. Fischer filed a pro se "Motion for disposition" claiming that he had been denied his right under the IAD to receive a trial within 180 days of the lodging of the federal detainer against him. The district court issued an order excluding the time between the two trial dates from the speedy-trial computation. On September 26, 2005, Mr. Fischer changed his plea to guilty. On October 20 he filed a pro se motion to strike his plea on a number of grounds, including denial of his right under Article III of the IAD to a trial within 180 days of his request for disposition. On December 5 the court denied that motion, denied as moot the motion for disposition, and sentenced Mr. Fischer to 38 months' imprisonment.

Mr. Fischer appealed. His counsel filed an *Anders* brief, and Mr. Fischer filed a brief handwritten response stating that he had not agreed to the trial continuance and that the real reason for the continuance was the judge's absence.

The first issue presented by the *Anders* brief is whether Mr. Fischer validly waived his rights under Article III of the IAD, which provides a mechanism to ensure that a prisoner is granted a speedy trial. *See* 18 U.S.C. App'x § 2, Art. III. This claim lacks merit. There is no contention that the original trial date of May 31, 2005, was untimely. The trial was continued to September 26, 2005, at the request of Mr. Fischer's counsel, to provide time to explore a plea agreement with the government. This request effectively waived his right under the IAD to complain of the delay. *See New York v. Hill*, 528 U.S. 110, 115 (2000) (waiver of

speedy-trial right under IAD is effected when counsel requests continuance of trial date). Even if Mr. Fischer is correct in saying that he was not consulted regarding the continuance and that the reason for the continuance was the judge's trip to Vietnam, our resolution of this claim would not be affected. *See id.* at 114-15 ("For certain fundamental rights, the defendant must personally make an informed waiver. For other rights, however, waiver may be effected by action of counsel. . . . Scheduling matters are plainly among those for which agreement by counsel generally controls." (internal citations omitted)).

The second issue presented by the *Anders* brief is whether Mr. Fischer waived his rights under Article IV(e) of the IAD, which might entitle Mr. Fischer to a dismissal of the indictment on the ground that he was returned to Utah state custody before being tried on the federal indictment. This claim is frivolous. On March 24, 2005, Mr. Fischer signed a waiver of his rights under Article IV(e) of the IAD.

The *Anders* brief also raises the possibility that Mr. Fischer's previous counsel may have rendered ineffective assistance. But an ineffective-assistance-of-counsel claim should be brought in a collateral proceeding rather than on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal.").

We AFFIRM the judgment and GRANT counsel's motion for withdrawal.

Mr. Fischer's motion for appointment of new counsel is DENIED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge